STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SAMANTHA SCHOTT BENNETT (NYBN 5132063)
JONATHAN U. LEE (CABN 148792)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Samantha.Bennett@usdoj.gov
    Jonathan,Lee@usdoj,gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> ARMANDO NAVARRO-PIÑONES, ) <br> ) <br>     Defendant. ) <br> ) <br> ) | CASE NO. CR 20-317-JSW-9 <br><br> **UNITED STATES'** <br> **SENTENCING MEMORANDUM** <br><br> Date:   August 10, 2021 <br> Time:   1:00 p.m. <br> Before: Hon. Jeffrey S. White |

## I. INTRODUCTION

Defendant Armando Navarro-Piñones will appear before this Court on August 10, 2021, for change of plea and sentencing for conspiring to distribute controlled substances, namely 50 grams or more of methamphetamine. The defendant has been in continuous custody since his arrest on September 10, 2020. The government submits this sentencing memorandum to advise the Court of its sentencing recommendation, should the defendant enter a guilty plea as anticipated.

The government recommends that the Court sentence the defendant to a term of 70 months' and four years of supervised release to follow, if the defendant is not deported. The government submits that this sentence is sufficient but not greater than necessary to meet the goals of sentencing.

As an initial matter, as discussed more fully below, the defendant is eligible for relief under the federal safety valve and has satisfied its requirements, and therefore the Court can sentence the defendant to less than the 60-month mandatory minimum term provided for in 21 U.S.C. § 841(b)(1)(B)(viii). *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; PSR ¶ 89.

## II. FACTUAL BACKGROUND

### A. Defendant's Offense Conduct

In 2019 and 2020, the government investigated the activities of the South Side Locos (SSL), a subset of the Sureños criminal street gang that operates in and around Concord, California. During the course of this investigation, the government identified the defendant, Mr. Navarro-Piñones, as a distributor of methamphetamine both directly to individual buyers, as well as to co-conspirators, who then exchanged the methamphetamine with others in exchange for cash. While he has been contacted and observed by law enforcement on numerous occasions associating with Sureño gang members, the defendant is not known to be a documented Sureño gang member.

During the course of this investigation, the defendant distributed over 187 grams of pure methamphetamine in three separate transactions. In two such transactions, he supplied the drugs for others to sell, including a transaction on October 15, 2019, in which he provided 111.3 grams of pure methamphetamine for distribution to a buyer. In one transaction on January 3, 2020, he personally exchanged 55.2 grams of methamphetamine for cash with a buyer. On all three occasions, the defendant appeared to have held the methamphetamine supply in his home.

## III. PENALTIES

### A. Statutory Penalty Ranges

The maximum penalties for the charged offense, Conspiracy to Distribute Cocaine, Heroin, and Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(viii), and 841(b)(1)(C), are (a) a minimum term of imprisonment of 5 years; (b) a maximum prison term of 40 years; (c) a maximum fine of $5,000,000; (d) a maximum supervised release term of life, a minimum supervised release term of 4 years; (d) a mandatory special assessment of $100; (e) forfeiture; (f) potential deportation; and (g) mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

Because the defendant is eligible for relief under the federal safety valve and has satisfied its requirements, however, the Court can sentence the defendant without regard to the mandatory minimum sentence. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; PSR ¶ 89

### B. Guidelines Range

The government requests that the Court apply the proposed two-level downward departure for global disposition pursuant to U.S.S.G. § 5K2.0(a)(2)(B), which will conserve judicial and the parties' resources, in calculating the adjusted offense level and the guidelines sentence. The government further notes that the defendant is eligible for relief under the federal safety valve and has satisfied its requirements, and a two-level downward variance is appropriate. Accordingly, the government agrees with the Probation Officer that taking these two factors into consideration, the defendant's total offense level is 25. PSR ¶ 110. Defendant's Criminal History Category (CHC) is III.[1] PSR ¶ 61. The guidelines imprisonment range for offense level 25 and CHC III is 70-87 months.

## IV. LEGAL STANDARD

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the sentencing purposes identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" *United*

---

[1] The government understands that the defendant may argue that the CHC overstates his criminal history. The government takes no position with respect to that argument, and makes its recommendation based on the low-end of the Guidelines for the agreed-upon offense level at the CHC determined by the Probation Officer.

*States v. Kimbrough*, 552 U.S. 85, 108 (2007) (quoting *United States v. Gall*, 552 U.S. 38, 49 (2007)), and are to be kept in mind throughout the process. *See Gall*, 552 U.S. at 50, n. 6. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93.

## V.     SENTENCING RECOMMENDATION

Taking the Section 3553 factors into account, a low-end Guidelines sentence of 70 months' imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing.

The defendant distributed methamphetamine, exploiting the vulnerabilities of his potential customers to its highly addictive and destructive impact. During the course of the governments' investigation, he provided over 180 grams of methamphetamine for sale to individuals who ultimately turned out to be confidential informants. He personally exchanged the drugs for cash in one sale, and supplied the drugs for two other transactions. Distributing methamphetamine is serious criminal conduct that has lethal consequences for users and communities. Nat'l Inst. on Drug Abuse, "Methamphetamine Abuse and Addiction," Nat'l Inst. of Heath Pub. 13-4210 (rev. Sept. 2013) at 1.[2] The defendant's conduct merits a sentence of 70 months' imprisonment.

However, the government notes that the defendant, unlike several of his co-conspirators, did not sell any firearms during the course of the investigation, nor were any recovered from his home when he was arrested. He sold drugs in the vicinity of his home, but was not observed selling drugs at 1500 Monument, as his co-conspirators did, thereby creating a hostile environment for community members and business owners. Significantly, the defendant appears to have repeatedly associated with known members of the Sureño gang, including the South Side Locos subset, but does not himself appear to be a validated member.[3] Further, while he has numerous arrests, the defendant has only two prior misdemeanor convictions from 2018. PSR ¶¶ 57-58. His criminal history category is III only because he was on misdemeanor probation at the time of the instant offense. PSR ¶ 60.

A low-end Guidelines sentence of 70 months is thus a just punishment, which will promote

---

[2] This report is available at https://www.drugabuse.gov/publications/research-reports/methamphetamine/letter-director, and the tabs associated with it (last accessed July 27, 2021).

[3] The defendant has a tattoo which may indicate association with the gang, but the government does not have further evidence to support gang membership.

SENTENCING MEMORANDUM
CR 20-317-JSW-9                                              4

respect for the law, and will deter both Mr. Navarro-Piñones and others from peddling in destructive substances like methamphetamine.  It is a guidelines sentence that holds Mr. Navarro-Piñones accountable for his conduct while balancing his speedy acceptance of responsibility as part of a global disposition.  The recommended sentence will further provide an important message to the defendant and other potential wrongdoers that methamphetamine distribution in this community will not be tolerated by the Court.  The government requests that the Court impose the recommended sentence to deter this defendant and any other potential wrongdoer from distributing methamphetamine.

## VI. CONCLUSION

The government requests that the Court impose the recommended sentence of 70 months imprisonment, followed by a 4-year term of supervised release, and a $100 special assessment.

DATED:  August 3, 2021                                          Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

  /s/
JONATHAN U. LEE
SAMANTHA SCHOTT BENNETT
Assistant United States Attorneys