JOHN J. JORDAN, ESQ. (State Bar No. 175678)
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Tel: (415) 391-4814
Fax: (415) 391-4308
jjordanesq@aol.com

Counsel for Defendant
ERNESTO MISSIEGO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERNESTO MISSIEGO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CR-20-0317-006-JSW<br><br>**DEFENDANT'S FORM 12 SENTENCING MEMORANDUM**<br><br>Date: October 1, 2024<br>Time: 1:00 p.m.<br>HON. JEFFREY S. WHITE |

## I. INTRODUCTION

The defendant, ERNESTO MISSIEGO, through counsel John J. Jordan, hereby files this sentencing memorandum, following his admission to Charges One and Two in the pending Form 12, alleging that on April 5, 2024, he was in possession of a gun and associating with gang members.

The defendant joins the recommendation of U.S. Probation that the Court revoke his current term of supervised release, impose a sentence of 13 months, and then impose a new 23 month term of supervised release.

The defendant also joins the Probation Officer's recommendation that the defendant be placed in the Minna Program in San Francisco, to help break the defendant from a cycle of gang association.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2020, Mr. Missiego and 13 co-defendants were named in a 9-count superceding indictment. Dkt. No. 1.

On February 15, 2022, the defendant pled guilty to the sole count in the superceding information, charging him with Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Dkt. No. 488. The Court then sentenced the defendant to 24 months, followed by 3 years supervised release, and a $100 special assessment. *Id.*

On April 19, 2024, a Petition for Warrant ("Form 12") was filed, charging 2 violations of the terms and conditions of his supervised release. Dkt. No. 667.

On September 3, 2024, the defendant admitted violating Charges One and Two in the pending Form 12, alleging that on April 5, 2024, he was in possession of a gun and associating with gang members. Dkt. No. 699.

The parties agree that the U.S.S.G. range for these admissions is 8 to 14 months incarceration, followed by a period of up to 23 months supervised release. See Dkt. No. 702.

On September 17, 2024, the Probation Officer filed a Violation Memorandum, recommending that the Court revoke the defendant's current term of supervised release, impose a sentence of 13 months, and then impose a new 23 month term of supervised release. Dkt. No. 702. The Probation Officer recommended that the defendant be placed in the Minna Program in San Francisco upon his release from custody. *Id.*

## ARGUMENT

### 1. The Defendant Joins the Requested Disposition Submitted by U.S. Probation

Mr. Missiego joins in the sentencing recommendation of U.S. Probation. The 13 month sentence is within the Guideline range for the admitted violations. Indeed, it is at the high end of the range, and adequately reflects the seriousness of the admitted charges.

The defendant also joins the Probation Officer's recommendation that the defendant be placed in the Minna Program in San Francisco. Following the Admission hearing, during which

this Court requested the parties to address the issue of helping the defendant break from a cycle of gang association, the parties conferred and settled on the recommendation of the Minna program, to remove the defendant from his old neighborhood and past associates, and to provide counseling and job training.

As a back up or additional long term plan, the defendant's family has discussed allowing the defendant to move to the residence of his aunt and uncle in Nashville, Kentucky. The family has space in their residence for the defendant, and the defendant would be able to work in the uncle's construction business. The family believes that this move would not only separate the defendant from bad influences in his current neighborhood, but also hopefully provide, in his uncle, a positive male influence. The court may remember that the PSR describes the difficulties with Mr. Missiego's childhood. His parents separated when he was approximately seven or eight years old. Mr. Missiego does not remember his father being "a dad" to him and he was mad at his father for leaving and not paying his mother child support. He is not in contact with his father. PSR ¶¶ 71, 72. Then, when he was six years old, his grandfather died while babysitting him. PSR ¶ 72.

The defense submits that these plans should address the concerns that the Court expressed at the Admissions hearing.

**CONCLUSION**

The defendant asks this Court to revoke his current term of supervised release, impose a sentence of 13 months, and then impose a new 23 month term of supervised release, with a condition that upon release, the defendant be placed in the Minna Program in San Francisco.

DATED: September 23, 2024. Respectfully submitted,

*/s/ John J. Jordan*
JOHN J. JORDAN